**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-00565-MTS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER OF DISMISSAL</u>**

This matter is before the Court on Defendant's unopposed Motion to Dismiss in which Defendant moves the Court to dismiss this action given Plaintiff's failure to cooperate in discovery and failure to obey the Court's Order requiring Plaintiff to produce outstanding discovery.   Doc. [14].   Defendant served Plaintiff with interrogatories and requests for production on September 22, 2022.  *Id.* ¶ 1.  Defendant then provided Plaintiff—through Plaintiff's then-counsel—an extension of four days to provide his responses.   Plaintiff did not produce the discovery after the four-day extension lapsed.  On October 26, 2022, this Court first ordered Plaintiff to provide his required responses to Defendant's outstanding discovery.  Doc. [11].  The Order warned Plaintiff his failure to produce the outstanding discovery by November 08, 2022, "may result in any just sanction allowed by Federal Rule of Civil Procedure 37(d)(3)."  *Id.* Plaintiff did not provide the responses.

At a hearing on November 10, 2022, the Court granted Plaintiff's counsel leave to withdraw his appearance from this case.  *See* Docs. [12], [13].  At the same hearing, the

Court advised Plaintiff that he may seek new counsel, but, regardless of whether he secured new counsel, he must submit his responses to Defendant's outstanding discovery no later than November 25, 2022.  Doc. [12].  Multiple times Plaintiff acknowledged that he understood that if he failed to provide the discovery responses, regardless of whether he secured an attorney, his case would be dismissed.  *Id.*  That same day, the Court also issued a written Order informing Plaintiff of the same—that the Court would dismiss his case in its entirety under Federal Rule of Civil Procedure 37(b)(2)(A) if he once again failed to submit discovery.  Doc. [13] at 2.  The Order also required Plaintiff to file a certificate of service with the Court when he submitted all required responses to Defendant.  *Id.*  Plaintiff filed no such certificate.

On November 29, 2022, Defendant filed the instant Motion to Dismiss, informing the Court that Plaintiff had not complied with the Court's order nor even "attempted to communicate with Defendant's counsel concerning [Plaintiff's] overdue discovery responses."  Doc. [14] ¶ 4.  Plaintiff's allotted time to respond to the Motion to Dismiss now has passed.  *See* E.D. Mo. L.R. 4.01(B).  Plaintiff did not raise any opposition to dismissal.  As of today, responses to Defendant's discovery were due seven weeks ago, yet Plaintiff has made no attempt to submit his required responses.  Additionally, Plaintiff now has ignored two written and multiple verbal Orders to submit the required responses.  Because he has not submitted them, attempted to submit them, nor filed anything with the Court seeking more time or explaining his failures, the Court will grant Defendant's Motion and dismiss this case pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v).  *See also In re Harris*, 277 F. App'x 645 (8th Cir. 2008) (per curiam) (noting "even pro se

litigants must comply with court rules and directives" (citing *Soliman v. Johanns*, 412 F.3d 920, 921–22 (8th Cir. 2005))).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's unopposed Motion to Dismiss, Doc. [14], is **GRANTED**, and this action is **DISMISSED with prejudice**.

Dated this 14th day of December, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE